Citation Nr: 1532759 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 04-00 270 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Waco, Texas


THE ISSUE

Entitlement to a clothing allowance.


REPRESENTATION

Appellant represented by: John S. Berry, Esq.


ATTORNEY FOR THE BOARD

E. D. Anderson, Counsel


INTRODUCTION

The Veteran had active service from September 1974 to September 1978.
This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2014 decision of the Department of Veterans Affairs (VA) Medical Center in Waco, Texas. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking clothing allowances for his back brace, elbow sleeve, knee wrap, pain relieve cream, and TENS unit. 

Unfortunately, it appears that all the records related to the Veteran's clothing allowance claim, including the decision and statement of the case issued by the Chief of Prosthetics and Sensory Aids denying the Veteran's claim, have not been associated with the Veteran's virtual claims file in either VBMS or Virtual VA. Accordingly, the Board lacks sufficient evidence to review the Veteran's claim.

On remand, all records related to the Veteran's claim for a clothing allowance should be associated with the Veteran's virtual claims file. This should include all procedural documents, including the decision, statement of the case, and substantive appeal, as well as all medical records and lay statements in support of the Veteran's claim. The RO is asked to review the record and ensure that all VA outpatient treatment records through the present have been associated with the Veteran's claims folder.

Accordingly, the case is REMANDED for the following action:

1. Associate all records related to the Veteran's claim for a clothing allowance, including the decision denying his claim, the statement of the case, and the Veteran's substantive appeal, with VBMS.

2. Ensure that all VA outpatient treatment records through the present, particularly those related to the Veteran's use of braces and skin creams, are associated with VBMS.

3. Conduct any additional development required, including obtaining an additional opinion from the Chief of Prosthetics and Sensory Aids Service, if necessary, then readjudicate the claim. If the appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).